**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CAMBRA L. LUCAS,<br>Appellant, | DOCKET NUMBER<br>SF-0845-13-0413-C-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: August 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Matthew G. Lucas</u>, Ripon, California, for the appellant.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the compliance initial decision, which denied the appellant's petition for enforcement. On petition for review, the appellant argues that the administrative judge did not properly consider her argument regarding a statute of limitations and alleged due process violations by the Office of Personnel Management (OPM) and the Board.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).[3]

---

[2] In the appellant's compliance petition for review, she argues that OPM's attempt to collect an overpayment is barred by the statute of limitations on administrative offset set forth in a prior version of 31 U.S.C. § 3716(e). Compliance Petition for Review (CPFR) File, Tab 1 at 5-11. Subsection 3716(e)(1) was amended in 2008 to eliminate the 10-year statute of limitations period. *See* Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, 122 Stat. 1651 (June 18, 2008). In amending this provision, Congress explicitly stated that the amendment "shall apply to any debt outstanding on or after the date of the enactment of this Act." *See* 31 U.S.C. § 3716(b)(1) (2008), 122 Stat. 1651, 2245. The appellant's overpayment debt began to accrue in 2007 and was, therefore, in existence at the time of the 2008 amendment to 31 U.S.C. § 3716(e) (1). *Lucas v. Office of Personnel Management*, MSPB Docket No. SF-0845-13-0413-I-1, Initial Appeal File (IAF), Tab 10 at 4. According to Congress's express intent, the amendment eliminating the statute of limitations on collection of the overpayment applies to the appellant. Further, the appellant has not adequately explained why any alleged delay on the part of OPM in enacting implementing regulations would impact the application of the 2008 statutory amendment. CPFR File, Tab 1 at 7-8. In any event, even if the 10-year statute of limitations did apply to the appellant, the debt began to accrue in 2007, and OPM began its attempt to recover the overpayment as early as July 2010. IAF, Tab 10 at 14-17. Thus, OPM sought recovery of the overpayment within 3 years of its existence, well before the running of a 10-year statute of limitations. Based on the foregoing, the appellant has not shown that OPM is barred from recovering the overpayment.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Prior to the close of record on review, the appellant submitted a motion for leave to file additional information. CPFR File, Tab 5. In that motion, she explains that she wished to file a motion for OPM to "Cease and Desist" the overpayment collection. *Id.* at 4. Under 5 C.F.R. § 1201.114(a)(5), an appellant may only submit an additional pleading if she explains the nature and need for the pleading. As such, we must determine if the proffered filing is necessary. Normally, OPM will not commence collection until the administrative review process of 5 C.F.R. § 845.204 has been completed, i.e., until OPM has issued a final decision and the Board has acted on any appeal of that decision. *Campbell v. Office of Personnel Management*, 123 M.S.P.R. 240, ¶ 5 (2016); 5 C.F.R. § 845.205(d)(1). The merits of the overpayment have been litigated and are final. The instant matter before the Board concerns only the question of compliance and whether OPM complied with the Board's February 2023 Remand Order. Therefore, the general principle set forth above does not apply. Given that our findings regarding the merits of the overpayment are final and cannot be changed pursuant to the law of the case, we find that the appellant has not shown that an additional pleading is necessary. Accordingly, the appellant's motion is denied.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       _____
                     Gina K. Grippando
                     Clerk of the Board

Washington, D.C.